IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARJORIE NIXON,

                Plaintiff,        Case No. 3:06 CV 3046

-vs-

                              <u>MEMORANDUM OPINION</u>

WILMINGTON TRUST COMPANY,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on James Hanley and Defendant Wilmington Trust Company's motions to dismiss (Doc. 14-16). For the reasons stated below, those motions are granted and the case is hereby dismissed.

**I. Background**

Symphonix Devices, Inc. entered into an agreement with Defendant Wilmington Trust Company to administer a trust on its behalf as part of an asset purchase agreement between Vibrant MED-EL and Symphonix. Pl.'s Memo. Opp. Mot. Dismiss, Doc. 24 at 4. Plaintiff Marjorie Nixon obtained a default judgment in March, 2006 against Symphonix in a separate case from the one at bar, but was unable to secure judgment from Symphonix. Neither has she received funds disbursed from the trust at issue here. However, she claims she is a rightful beneficiary of the trust because later in 2006 the former chief financial officer of Symphonix, Terrance Griffith, as well as Symphonix's attorney, Isaac Vaughan, both stated that the purpose of the trust is partially to pay claims made by individuals who had defective cochlear implants within three

years from June, 2003. *Id.* According to the terms of the trust instrument, certain beneficiaries were named which did not include claimants with defective product claims, such as Plaintiff. *Id.*

Plaintiff contends that by not paying her as part of the distribution of funds from the trust, Defendant Wilmington Trust and James Hanley, Wilmington's assistant vice president, breached their fiduciary duty to her. Doc. 24 at 4. In addition, Plaintiff contends Defendant Wilmington Trust is liable for the actions of Mr. Hanley under a theory of respondeat superior liability and for breaching a contract to which Plaintiff considers herself a third party beneficiary. Doc. 24 at 4. Defendant moves to dismiss these claims for failure to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Def.'s Memo. Supp. Mot. Dismiss Counts I, III, and IV, Doc. 15-2 at 1; Def.'s Memo. Supp. Mot. Dismiss Count II, Doc. 14-5 at 2.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To warrant dismissal, "it [must] appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." *Thurman v. Pfizer, Inc.*, 484 F.3d 855 (6th Cir. 2007). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688 (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

## III. Discussion

**A. Choice of law**

2

Section 23 of the underlying trust agreement contains a choice of law provision which provides that the instrument shall be "governed by and construed in accordance with the laws of the state of Delaware applicable to agreements made and to be wholly performed in such state." Doc. 16-2 at 4, n3; Symphonix Trust Agreement, Doc. 9-2, Ex. A at 8. The forum state's rules regarding choice of law provisions are applied when a federal district court sits in diversity jurisdiction pursuant to 28 U.S.C. § 1332. In this case, Ohio law provides that "the law of the state chosen by the parties . . . will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state. . . ." *Sekeres v. Arbaugh*, 31 Ohio St. 3d 24, 25 (Ohio 1987). In this case, the choice of law provision is not contested by either party. The substantive law of Delaware is thus controlling.

**B. Claims against Wilmington Trust**

The bottom line in this case is that Plaintiff misinterprets the purpose of the trust agreement. The trust agreement was written between Symphonix and Vibrant MED-EL to compensate certain shareholders after the dissolution of Symphonix by establishing a trust to be administered by Wilmington. Plaintiff understands the trust agreement to be a source of compensation for people injured by using Symphonix products. The Court will not allow this case to proceed because the face of the trust agreement reserves the right to the trust benefits for certain shareholders, not injured customers. Therefore, the case is without merit insofar as it is only a lawsuit against the trustee (not the company who manufactured the products) and is premised on a breach of contract claim based on a trust agreement that is inapplicable to Plaintiff.

3

That said, Plaintiff appears to have it upon reasonably reliable authority from Vibrant MED-EL executives that the trust agreement at issue here was intended to compensate victims such as Plaintiff. However, there is no support for such a proposition in the text of the trust agreement.

### 1. Breach of fiduciary duty

Defendant argues that Count I, Plaintiff's claim of breach of fiduciary duty, should be dismissed because Plaintiff is not a beneficiary pursuant to the trust agreement and therefore no fiduciary duty exists. Doc. 15-2 at 4. Under Delaware law, in order to prove a claim for breach of fiduciary duty, the plaintiff must show (1) a fiduciary duty exists and (2) the fiduciary breached that duty. *Legatski v. Bethany Forest Assoc.*, No. 03C-10-011-RFS, 2006 Del. Sup. Ct.. LEXIS 196 (Del. Sup. Ct. 2006).

The fundamental rule of construction in trust cases is that the intent of the settlor controls the interpretation of the trust instrument. *Chavin v. PNC Bank*, 816 A.2d 781, 783 (Del. 2003); *Annan v. Wilmington Trust Co. Trustee*, 559 A.2d 1289, 1292 (Del. 1989). "Such intent must be determined by considering the language of the trust instrument, read as an entirety, in light of the circumstances surrounding its creation." *Chavin* at 783 (internal citations and quotations omitted). All other rules of construction are subordinate to the language of the instrument. *Id.* "The words used in the instrument generally are given their ordinary meaning and the Court will not consider extrinsic evidence to vary or contradict express provisions of a trust instrument that are clear, unambiguous, and susceptible of only one interpretation." *Wilmington Trust Co. v. Annan*, 531 A.2d 1209, 1211 (Del. Ch. 1987), *aff'd*, 559 A.2d 1289 (Del. 1989).

In the instant case, the language of the trust agreement is clear that the trust was designed "for the benefit of Symphonix Devices, Inc. . . . and the beneficiaries defined [in the agreement]." Doc. 9-2, Ex. A at 1. "The purposes of the Trust are to hold, administer, and liquidate the Trust Estate, and to collect and distribute to the Beneficiaries the income and the proceeds of the sale of the Trust Estate. . . ." *Id.* at 3. Beneficiary is further defined in the trust instrument as "each of the creditors pursuant to Section 5 of the Plan and former shareholders of the Company listed on Exhibit B. . . ." *Id.* at 1.

Plaintiff admits the terms of the trust agreement did not include her as a beneficiary. Nevertheless, Plaintiff contends she is a beneficiary because Terrance Griffith, former chief financial officer of Symphonix, stated that the trust was set up to pay claims for defective cochlear implants manufactured by Symphonix, an intent also confirmed by Symphonix's attorney. Doc. 24 at 4.

Beneficiaries of the trust are specifically and unambiguously enumerated in the trust instrument. The words of the trust agreement should be given their ordinary meaning. Plaintiff admits that she is not one of the beneficiaries listed pursuant to the language of the trust agreement; the unambiguous language of the instrument does not allow this Court to consider extrinsic evidence regarding the subjective intent of Symphonix in establishing the trust to find Plaintiff to be a beneficiary. *See Wilmington*, 531 A.2d at 1211.

Because Plaintiff is not a beneficiary of the trust, no fiduciary duty is owed to her and she lacks standing to maintain a lawsuit for breach of fiduciary duty. *See Sergeson v. Delaware Trust Co.*, 413 A.2d 880, 882 (Del. 1980) ("No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of

trust."); *see also In re Laird*, No. RW-149, 1998 Del. Ch. LEXIS 130, *10 (1998) (holding Plaintiff lacks standing to question handling of the trust because it was not created for her benefit.). Therefore, under no set of facts can Plaintiff state a valid claim for breach of fiduciary duty and Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. Breach of contract

Defendants contend that Plaintiff's claim for breach of contract (Count Four), the contract being the trust agreement, should be dismissed because Plaintiff cannot show the trust agreement was intended to confer a benefit upon her. Doc. 16-2 at 8.

Plaintiff cannot show she was a third party beneficiary to the trust because she does not plead the existence of a contract outside of the trust instrument. Doc. 15-2 at 8. A trust is not a contract for the benefit of a third party. Restatement 2d of Trusts § 14. Plaintiff merely alleges that Symphonix created the trust partially intending to compensate victims of defective cochlear implants. Doc. 24 at 5.

Even if the trust agreement between Symphonix and Wilmington Trust Co. were considered a contract for the purposes of this claim, there is no evidence that the instrument was intended to confer a benefit upon Plaintiff. General contract principles dictate that "in order for there to be a third party beneficiary, the contracting parties must intend to confer a benefit." *Delmar News Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. Sup. Ct. 1990). In this case, the language of the trust instrument clearly and unambiguously states that the purpose of the trust is "to collect and distribute to the Beneficiaries the income and proceeds of the sale of the Trust Estate." Doc. 9-2, Ex. A at 3. The words used in the instrument to convey the purpose of the trust is susceptible to only one interpretation – that funds contained in the trust exist to benefit the

6

named beneficiaries only – and therefore no extrinsic evidence is permitted to vary or contradict its ordinary meaning.  *See Wilmington Trust Co. v. Annan*, 531 A.2d 1209, 1211 (Del. Ch. 1987). Plaintiff admits she is not a beneficiary of the trust pursuant to the terms of the trust agreement, Doc. 24 at 5, and there is no indication in the language of the instrument that the trust agreement was intended to confer a benefit upon her.

Therefore, because no contract exists to which Plaintiff can be considered a third party beneficiary and the language of the trust agreement does not indicate it was intended to benefit Plaintiff, no set of facts can prove Plaintiff's claim for breach of contract and Count Four shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Respondeat superior liability

Defendant contends that Plaintiff's third claim, that Defendant is responsible for Hanley's alleged illegal actions against Plaintiff, should be dismissed because Plaintiff cannot demonstrate respondeat superior liability in the absence of an underlying tort.  Doc. 15-2 at 7.

"An employer is liable for the torts of his employee committed while acting in the scope of his employment" through the application of the doctrine of respondeat superior.  *Fields v. Synthetic Ropes, Inc.*, 59 Del. 135, 143 (Del. 1965); *Arnold v. Society for Sav. Bancorp*, 678 A.2d 533, 539 (Del. 1996).  "The imposition of liability on the employer thus arises . . . because the employer selected an employee who performed the employer's business negligently and caused an injury."  *Id.*; *see also Ramada Inns v. Dow Jones & Co.*, No. 83C-AU-56, 1988 Del. Sup. Ct. LEXIS 29, *2 (Del. Sup. Ct. 1988).

No underlying tort has been pled or proven, and no basis exists for respondeat superior liability.  Therefore, Count Three shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Claims against James Hanley

Plaintiff and Defendant have stipulated to the dismissal of all claims against James Hanley (Doc. 25) and this Court has granted that request (Doc. 26). Therefore, Hanley's motion to dismiss is granted (Doc. 14).

## IV. Conclusion

For the reasons enumerated herein, Defendant's motions to dismiss (Doc. 14-16) are hereby granted, and the case is dismissed.

IT IS SO ORDERED.

                                                          s/ *David A. Katz*
                                                         DAVID A. KATZ
                                                         U. S. DISTRICT JUDGE